OPINION
{¶ 1} This is an appeal from a jury determination of guilty of one count of possession of cocaine (R.C. 2925.11(A)).
 STATEMENT OF THE FACTS AND CASE
{¶ 2} This cause began as a request by appellant's parole officer to the Alliance Police Department to conduct a search of appellant's residence.
{¶ 3} Before the search took place, a vehicle driven by one Tiffany Mayweather, in which appellant was a passenger, was stopped. Due to clear plastic bags found on such driver and a large amount of cash on appellant, further investigation was conducted. Eventually, about seven grams of cocaine was found on the person of Ms. Mayweather. She stated and subsequently testified that appellant had given the cocaine to her to secrete on her person.
{¶ 4} The Assignments of Error are as follows:
ASSIGNMENTS OF ERROR
 I. {¶ 5} "DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND TO DUE PROCESS WERE VIOLATED WHEN HE WAS CONVICTED ON EVIDENCE INSUFFICIENT TO SUSTAIN THE VERDICT."
 II. {¶ 6} "THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III. {¶ 7} "PROSECUTORIAL MISCONDUCT DURING THE STATE'S OPENING, CLOSING AND ON DIRECT EXAMINATION DEPRIVED THE DEFENDANT/APPELLANT OF THE FAIR TRIAL TO WHICH HE WAS ENTITLED UNDER THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO."
 IV. {¶ 8} "THE INEFFECTIVE ASSISTANCE OF DEFENDANTS/APPELLANT'S TRIAL COUNSEL VIOLATED HIS CONSTITUTIONAL RIGHTS PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE DUE PROCESS CLAUSE."
 I.
{¶ 9} The First Assignment of Error questions the sufficiency of the evidence.
{¶ 10} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991) 61 Ohio ST.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the jury, not the reviewing court. State v.Jamison (1990), 49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
{¶ 11} In the case sub judice the jury had the opportunity to judge the credibility of the witnesses, including Ms. Mayweather.
{¶ 12} We therefore find that sufficient evidence was presented to warrant the finding of guilty and overrule this first Assignment.
{¶ 13} Included in the argument of appellant as to this Assignment is the fact that the trial court did not rule on the renewal of the Cr. R. 29 motion for acquittal. While Cr. R. 29(B) would authorize the court to so rule even after the discharge of the jury, we find that such absence was not raised in this Assignment of Error but only in argument and therefore deem it unnecessary that we address such issue.
 II.
{¶ 14} In reviewing an assertion of lack of manifest weight of the evidence as expressed in the Second Assignment of Error, we are to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The discretionary power to grant a new trial" should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
{¶ 15} Based upon the facts noted supra, and the entire record, we do not find the decision was against the manifest weight of the evidence. The jury, was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. There was a sufficient, competent finding based upon the evidence accepted.
 III.
{¶ 16} While the heading of this Third Assignment of Error in appellant's brief incorrectly states the Fourth Assignment of Error, such typographical error is not of consequence as the argument thereunder is appropriate.
{¶ 17} The following excerpts of the Prosecutor are listed:
* * *
 MR. MARAGAS: On February 2nd of this year officers from the Alliance Police Department's special investigations unit and crimes unit were on Patrol and had received some information about Tyshaun Miller, the Defendant in this case. One of the bits of information that they received was he would be traveling with a woman and that he hid his cocaine by means of having whoever he was with, whatever girlfriend he had, hide the cocaine on her. Tr. Vol. 11, pgs. 6-7.
* * *
 QUESTION: Tell the jury what statements he made to you at that time.
 ANSWER: He made the statement that one female subject that I had spoken to him regarding, he stated had not carried-had never carried crack cocaine for him.
THE COURT: Just a minute. Approach.
 (Thereupon, a conference was had at the bench outside the hearing of the jury and off the record.)
BY MR. MARAGAS:
 QUESTION: Detective Griffith, what statements did Tyshaun Miller make to you in regard to this offense?
* * *
 QUESTION: Could you tell the jury exactly what you were looking for there and what happened?
 ANSWER: We were there at the invitation of Ohio adult parole officer, Mike Beebe. Mike Beebe contacted the special investigations unit requesting our assistance in conducting a parole search of 549 South Arch Avenue, apartment one, which is the residence of Tyshaun Miller. Tr. Vol. II, pgs. 20-21.
* * *
{¶ 18} In Closing Argument, the Prosecution . . . argues that in order to find the Defendant/Appellant guilty of the crime the jury mustaddress the motive. Tr. Vol. 11, p. 127. After a lengthy discussion surrounding the motive, he offers, "I would argue to you, that it's abundantly clear what is going on here." Tr. Vol. II, p. 129. He finishes with a challenge to the jury to find the Defendant/Appellant not guilty "if you can think of another reason why two people would be in that car riding around for a half an hour with that evidence." Tr. Vol. II, p. 130.
{¶ 19} This Prosecutor moved this case into an issue about dealing in drugs.
{¶ 20} In his closing he admits the evidence as to possession leaves reasonable doubt.
{¶ 21} In State v. Liberatore (1982), 69 Ohio St.2d 583, the Court found prosecutorial misconduct, finding the State had improperly attempted to prove its case by suggestion rather than by evidence.
{¶ 22} There was no objection to the misconduct claimed on the part of the Prosecution and so the review must be pursuant to Criminal Rule 52(B) as to plain error.
{¶ 23} The Prosecution further says in closing, "in order for you to find that he possessed that cocaine, you're going to have to figure out a motive." Tr. Vol. 11, p. 127.
{¶ 24} No objection was raised as to these statements. However, the trial court on its own initiative issued directives to the Prosecutor. (T. at Vol. II, p. 21, 22, 28.).
{¶ 25} Notwithstanding the lack of objection and the trial court's intervention, appellant argues that "plain error" was created.
{¶ 26} Crim.R. 52(B) provides:
 (B) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
{¶ 27} Notice of plain error under this rule is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. See: State v. Long
(1978), 53 Ohio St.2d 91; State v. Cooperrider (1983), 4 Ohio St.3d 226.
{¶ 28} We find that the evidence presented, as stated heretofore, sufficient to result in a finding of guilt and therefore do not agree that a miscarriage of justice occurred.
{¶ 29} The Third Assignment of Error is rejected.
 IV.
{¶ 30} The Fourth Assignment of Error raises the competency of appellant's trial counsel's effectiveness.
{¶ 31} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. State v. Bradley (1989),42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance.
{¶ 32} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
{¶ 33} Again, based upon the evidence presented, we do not find that there is a reasonable probability that the trial outcome would have been different even if we agree that certain objections could or should have been made, depending on trial counsel's strategy.
{¶ 34} The Fourth Assignment of Error is denied.
{¶ 35} This cause is affirmed.
By: BOGGINS, J. FARMER, P.J. and WISE, P. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Common Pleas Court of Stark County, Ohio is affirmed. Costs to appellant.